﻿Citation Nr: AXXXXXXXX
Decision Date: 02/28/19 Archive Date: 02/28/19

DOCKET NO. 180911-428
DATE: February 28, 2019

ORDER

Entitlement to service connection for posttraumatic stress disorder is denied.

Entitlement to service connection for a low back disability is denied.

FINDINGS OF FACT

1. The Veteran was not involved in combat during service, and the Veteran’s reported stressors which have not been related to combat are not corroborated.

2. The Veteran’s diagnosed posttraumatic stress disorder (PTSD), was not manifest in-service and is unrelated to service.

3. The Veteran’s low back injury treated in-service was acute, and resolved; a chronic low back disability was not manifested in-service; and no current low back disability is shown to be etiologically related to such service/injury therein.

CONCLUSIONS OF LAW

1. Service connection for posttraumatic stress disorder (PTSD), is not warranted. 38 U.S.C. §§ 1101, 1112, 1113, 1110, 1112, 1113, 5103, 5103A, 5017; 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.304, 3.307, 3.309, 4.125.

2. Service connection for a low back disorder is not warranted. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.303, 3.304, 3.307, 3.309.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.

The Veteran served on active duty from January 1992 to February 1995. 

On February 23, 2018, VA received the Veteran’s opt-in selection of a Higher-Level review of his appeal through RAMP. Accordingly, the July 2018 rating decision considered the evidence of record as of the date VA received the RAMP election form. The higher-level reviewer denied the Veteran’s appeal. The Veteran timely appealed this RAMP rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ). 

As the current appeal stems from the Veteran’s initial selection of the higher-level review, in which he acknowledged that his review will be based upon the evidence submitted to VA as of the date of that election, only evidence through the date of the February 2018 opt-in election form will be considered.

Evidence was added to the claims file during a period of time when new evidence was not allowed. Therefore, the Board may not consider this evidence. See Veterans Appeals Improvement and Modernization Act of 2017, Pub. L. No. 115-55, § 2(w)(1), 131 Stat. 1105, 1114 (2017). The Veteran may file a Supplemental Claim and submit or identify this evidence. See § 2(i)(1), 131 Stat. at 1109. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

Service Connection

Establishing service connection generally requires medical evidence or, in certain circumstances, lay evidence of the following: (1) A current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) nexus between the claimed in-service disease and the present disability. See Davidson v. Shinseki, 581 F.3d 1313 (Fed.Cir.2009); Jandreau v. Nicholson, 492 F.3d 1372 (Fed.Cir.2007); Hickson v. West, 12 Vet. App. 247 (1999); Caluza v. Brown, 7 Vet. App. 498 (1995), aff’d per curiam, 78 F.3d 604 (Fed.Cir.1996) (table). 

Lay evidence may be competent evidence to establish incurrence. See Davidson v. Shinseki, 581 F. 3d 1313 (Fed. Cir. 2009). Lay evidence can be competent and sufficient to establish a diagnosis of a condition when: (1) a layperson is competent to identify the medical condition, (e.g., a broken leg); (2) the layperson is reporting a contemporaneous medical diagnosis; or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional.

Competent medical evidence is necessary where the determinative question is one requiring medical knowledge. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). Competent medical evidence means evidence provided by a person who is qualified through education, training, or experience to offer medical diagnoses, statements, or opinions. Competent medical evidence may also mean statements conveying sound medical principles found in medical treatises. Competent medical evidence may also include statements contained in authoritative writings, such as medical and scientific articles and research reports or analyses. 38 C.F.R. § 3.159(a)(1). Competent lay evidence means any evidence not requiring that the proponent have specialized education, training, or experience.

Service connection for PTSD requires: (1) medical evidence diagnosing the condition in accordance with 38 C.F.R. § 4.125(a), i.e., a diagnosis conforming to specified diagnostic criteria (currently the DSM-5, previously the DSM-IV); (2) credible supporting evidence that the claimed in-service stressor actually occurred; and (3) medical evidence of a link, or causal nexus, between current symptomatology and the claimed in-service stressor. 38 C.F.R. § 3.304(f).

Where, however, VA determines that the veteran did not engage in combat with the enemy, or that the veteran did engage in combat with the enemy but the claimed stressor is unrelated to such combat, the veteran’s lay testimony, by itself, will not be enough to establish the occurrence of the reported stressor. Instead, the record must contain evidence that corroborates the veteran’s testimony as to the occurrence of the claimed stressor. 

Fear of hostile military or terrorist activity may constitute a valid stressor, if (1) a psychologist or psychiatrist confirms that the claimed stressor is adequate to support a diagnosis of PTSD; (2) the claimed stressor is consistent with the places, types, and circumstances of the Veteran’s service; and (3) the Veteran’s symptoms are related to the claimed stressor. See 38 U.S.C. § 1154(b); 38 C.F.R. § 3.304(d), (f). The Veteran’s claimed stressors are not specifically related to fear of hostile military or terrorist activity. 

Entitlement to service connection for a low back disability

In August 2013, the Veteran filed a VA Form 21-526b on which he claimed service connection for a low back condition. While there is an in-service back contusion as shown in a July 1993 service treatment record, subsequent treatment records show this injury as “resolving” one week later. Moreover, while a September 1994 Report of Medical History shows he reported recurrent back pain, the September 1994 Report of Medical Examination reported clinical evaluation revealed the Veteran has a normal spine. The first post service documented clinical evidence of back pain was in a September 2010 VA treatment record and continued thereafter with notes regarding back pain in February 2012, July 2013, and onwards through the appellate period.

A subsequent March 2015 VA examination diagnosed the Veteran with lumbosacral strain. The Veteran stated during this examination that he has been more susceptible to back pain since his in-service injury and he has had intermittent back pain about once a month until it became a daily chronic pain in the last two years. However, the VA examiner found there is insufficient objective evidence to connect the Veteran’s current low back condition to his military back injury as there is no evidence of continuity of treatment of any residual or ongoing low back condition after discharge from active service until many years later. The VA examiner found the veteran’s current low back disorder was less likely than not incurred in or caused by the claimed in-service injury, event or illness. Furthermore, the VA examiner found the veteran’s current occupation as a railroad conductor since 1999, at least as likely as not, can be a cause of the current low back condition.

The Board acknowledges that a claimant is generally competent to introduce lay testimony of observable symptoms of disability and continuity of such symptoms. Jandreau, 492 F.3d at 1377. However, as a lay person, the Veteran is not competent to provide a medical diagnosis or nexus regarding his current low back disability and his active service; such a matter requires medical expertise. Id. (noting general competence to testify as to symptoms but not to provide medical diagnosis). As such, the Board finds the Veteran’s representations in this regard to be of no probative value.

For the foregoing reasons, the preponderance of the evidence is against the claim of service connection for a low back disability. The benefit-of-the-doubt doctrine is, therefore, not for application and the claim must be denied. 38 U.S.C. § 5107; 38 C.F.R. § 3.102.

Entitlement to service connection for posttraumatic stress disorder

In the present case, the Veteran contends he almost drowned during a training exercise. However, the evidence in this case does not include any evidence corroborating the Veteran’s account of his claimed stressor such as in-service treatment records or lay statements from other servicemembers. Furthermore, the Veteran does not claim he engaged in combat, and the Veteran’s records do not include evidence of combat as shown in a March 2015 VA memorandum.

Although the Veteran has been diagnosed with and treated for PTSD, the legal standard for establishing service connection for PTSD is higher in some respects than it is for other disabilities. Despite development to corroborate the Veteran’s stressor statements, the VA has been unable to verify the Veteran’s claimed stressor. This is evidenced by a March 2015 memorandum finding that there was a lack of information to corroborate the alleged in-service stressor associated with PTSD. Thus, the second element required under section 3.304(f) is not met. 

Although PTSD has been reported, the question of whether he was exposed to a stressor in-service is a factual determination and in the circumstances of this case VA adjudicators are not bound to accept the Veteran’s statements simply because treating medical providers have done so. Wood v. Derwinski, 1 Vet. App. 190 at 193. The statements from the Veteran upon which the diagnosis of PTSD was made are unsupported.

For the foregoing reasons, the preponderance of the evidence is against the claim of service connection for a PTSD. The benefit-of-the-doubt doctrine is, therefore, not for application and the claims must be denied. 38 U.S.C. § 5107; 38 C.F.R. § 3.102.

 

M. C. GRAHAM

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD B. Herdliska